# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

In re:

FLORENCE HOSPITAL AT ANTHEM, LLC,

Debtor.

Chapter 11

Case No. 4:13-bk-03201-BMW

**ORDER GRANTING EMERGENCY MOTION TO APPROVE DEBTOR-IN-POSSESSION FINANCING**

Upon consideration of the *Emergency Motion to Approve Debtor-in-Possession Financing* ("**Motion**")[1], and having determined that full and proper notice thereof was given, and with good cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, AND ORDERED AS FOLLOWS:**

1. The Motion is granted, as modified in this Order.

2. Post-petition financing is necessary to the continuation of the Debtor's operations, and the Debtor incurring post-petition indebtedness is within the exercise of the Debtor's sound business judgment.

3. The Debtor is hereby authorized to incur debtor-in-possession financing in the principal amount of $100,000 by means of the DIP Loan from Dr. Timothy Johns.

5. The interest rate, maturity date, and payment schedule applicable to the DIP Loan shall be governed by the DIP Loan documents attached hereto as **Exhibit "A"**, except as modified herein. To that end, the DIP Loan documents are hereby modified to carve out the grant of any lien or security interest encumbering the Debtor's "Licenses" as defined in the

---

[1] Unless otherwise noted herein, capitalized terms shall retain the meanings attributed to them in the Motion.

Debtor's Lease Agreement with MPT, §35.1 (see Dkt. 145 at Exhibit "A"). Additionally, the first payment owing by the Debtor to Dr. Johns under the DIP Loan shall be due on the later of August 1, 2013 or as specified in a confirmed Chapter 11 plan of reorganization of the Debtor.

6. Pursuant to Section 364(c)(3), any funds advanced as a part of the DIP Loan shall be secured by a junior-position lien in the Debtor's assets as listed in the DIP Loan documents, except that Dr. Johns is not, and shall not be, granted any lien or security interest encumbering: (i) the Debtor's "Licenses" as defined in the Debtor's Lease Agreement with MPT, §35.1 (see Dkt. 145 at Exhibit "A"); and (ii) any avoidance actions arising under Bankruptcy Code Sections 544, 545, 546, 547, 548, 549, and 550 or any similar provisions of the Bankruptcy Code. To be sure, the DIP Loan does not create an administrative expense claim, and excluding the carve outs as set forth herein, the DIP Loan shall be secured only through liens that are fully subordinated to Stillwater Bank and MPT's liens and interests, and any replacement liens granted to Stillwater or MPT by the Cash Collateral Order or any other Order of this Court.

7. No further action need be taken by Dr. Johns to perfect his lien and secured interest that will result from the DIP Loan.

8. Dr. Johns shall be, and hereby is, determined to be a lender in good faith and entitled to the protections of 11 U.S.C. § 364(e).

**DATED AND SIGNED ABOVE.**

APPROVED BY:

Dated: June 5, 2013            FLORENCE HOSPITAL AT ANTHEM, LLC

By: /s/ *Michael A. Jones, #27311*
    Paul Sala
    Michael Jones
    ALLEN, SALA & BAYNE, PLC
    Attorneys for Debtor

-Signatures Continued on Next Page-

Dated: June 5, 2013

By: /s/ *Dr. Timothy Johns*
    Dr. Timothy Johns

Dated: June 5, 2013 THE STILLWATER NATIONAL BANK AND TRUST COMPANY

By: /s/ *Kyle S. Hirsch, #024155*
    Bryce A. Suzuki
    Kyle S. Hirsch
    BRYAN CAVE LLP
    Attorneys for The Stillwater National Bank and Trust Company

Dated: June 5, 2013 THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: /s/ *Kami M. Hoskins, #026271*
    Carolyn J. Johnsen
    Kami M. Hoskins
    Jennings, Strouss & Salmon, P.L.C.
    Attorneys for the Official Committee of Unsecured Creditors

Dated: June 5, 2013 MPT OF FLORENCE, LLC

By: /s/ *Lori L. Winkelman, #021400*
    Robert P. Harris
    Lori L. Winkelman
    QUARLES & BRADY LLP
    Attorneys for MPT of Florence, LLC

# PROMISSORY NOTE

$100,000.00                                                                     Date:     June ___, 2013

    FOR VALUE RECEIVED, the undersigned Florence Hospital at Anthem, LLC ("**Maker**") hereby promises to pay without offset or deduction, to Dr. Timothy A. Johns ("**Holder**") at 8020 E. Palm Lane in Mesa, Arizona 85207, or at such other address as the Holder may designate in writing, the principal sum of $100,000.00. The principal balance shall bear interest at the rate of eight percent (8%) per annum.

    To secure Maker's obligations under this Promissory Note, Maker hereby grants to Holder a security interest and lien in Maker's property as described in the Security Agreement dated June ___, 2013.

    Maker shall make sixty (60) equal monthly payments of $2,027.64 over a five (5) year period. The first payment shall be due on the later of August 1, 2013 or as specified in a confirmed Chapter 11 plan of reorganization of the Debtor. The subsequent 59 payments shall be due on the first day of each subsequent month until paid in full.

    Maker may prepay this Promissory Note at any time in whole or in part without premium or penalty. All payments shall be first applied to late charges, then to accrued interest, and the balance, if any, to reduce the principal balance due hereunder.

    Holder understands that Maker has filed a Chapter 11 bankruptcy and is a debtor-in-possession. Holder further understands that the Maker's ability to execute this Promissory Note is subject to Bankruptcy Court approval.

    Maker shall be in default under this Promissory Note if any payment is not made when due and Maker fails to make such payment after fifteen (15) days' written notice. After the occurrence of any default as set forth above, then all amounts due under this Promissory Note shall immediately become due and payable at the Holder's option and written notice to the Maker.

    Any notice hereunder to either party shall be in writing and shall be deemed to be given on the date delivered, personally, or via facsimile, or three (3) days after the date when mailed by United States mail, postage prepaid, to the addresses and facsimile numbers listed below, or at such other address as the party may, by written notice received by the other, designates as its addresses for purposes hereunder to Maker.

    TO MAKER:    Florence Hospital at Anthem, LLC
                                4545 N. Hunt Highway
                                Florence, AZ 85132

                                Thomas H. Allen
                                ALLEN, SALA & BAYNE, PLC
                                1850 N. Central Avenue, Suite 1150
                                Phoenix, AZ 85004

# EXHIBIT "A"

TO HOLDER: Dr. Timothy A. Johns
8020 E. Palm Lane
Mesa, Arizona 85207

If there is a dispute as to the terms and conditions of this Promissory Note, the prevailing party shall be entitled to return of all reasonable attorneys' fees and expenses arising from such dispute.

This Promissory Note may not be changed, waived, altered, modified, amended, deleted or supplemented orally, but only by an agreement in writing signed by the Maker and Holder. This Promissory Note shall be binding upon Maker and shall inure to the benefit of Holder and its successors and assigns.

Failure of the Holder to exercise any option hereunder shall not constitute a waiver of the right to exercise the same in the event of any subsequent default, or in the event of continuance of any existing default after demand for strict performance hereof.

Time is of the essence in the performance of each of the provisions of this Promissory Note, however, in the event the provisions of this Promissory Note require any act to be done or action to be taken hereunder on the date which is a Saturday, Sunday or Federal holiday, such act or action shall be deemed to have been validly done or take if done or taken on the next succeeding day which is not a Saturday, Sunday or Federal holiday.

This Promissory Note is entered into and shall be construed under the laws of the State of Arizona. The parties agree that any legal action instituted to enforce the terms of this Promissory Note shall be brought in Maricopa County, Arizona.

**THE UNDERSIGNED PARTIES HAVE READ AND UNDERSTAND ALL PROVISIONS OF THIS PROMISSORY NOTE AND AGREE TO ITS TERMS.**

DATED this ____ day of June 2013

**MAKER:**

Florence Hospital at Anthem, LLC

_____
By: Charles Craven
As: Interim Chief Financial Officer
Florence Hospital at Anthem, LLC

-Signatures Continued on Next Page-

**HOLDER:**

_____
By: Dr. Timothy A. Johns

# SECURITY AGREEMENT

$100,000.00                                                                 June ___, 2013

Maker:    Florence Hospital at Anthem, LLC
          4545 N. Hunt Highway
          Florence, Arizona 85132

Holder:   Dr. Timothy A. Johns
          8020 E. Palm Lane
          Mesa, Arizona 85207

1. The Security Agreement dated June ___, 2013 is made and executed between Florence Hospital at Anthem, LLC ("**Maker**") and Dr. Timothy A. Johns ("**Holder**").

2. To secure Maker's obligations under the Promissory Note dated June ___, 2013 ("**Promissory Note**"), Maker hereby grants to Holder a security interest and lien in Maker's property as described below:

   All of the Maker's goods, chattels, accounts, accounts receivables, documents, chattel paper, instruments, contract rights, inventory, medical supplies, equipment, and medical equipment, furniture, hospital beds, kitchen equipment and supplies, computer equipment, computer hardware, computer software, general intangibles, and all other tangible and intangible personal property, whether now owned or hereafter acquired, and all proceeds, products, rents, profits and income therefrom (hereafter, the "**Collateral**").

3. Maker agrees to take whatever actions are requested by Holder to perfect and continue Holder's security interest and lien in the Collateral including, but not limited to, the execution of a UCC Financing Statement and any other documents reasonably required by Holder.

4. Holder understands that Maker has filed a Chapter 11 bankruptcy and is a debtor-in-possession. Holder further understands that the security interest and lien described herein are subject to Bankruptcy Court approval. Moreover, Holder understands that the Collateral may be partially or completely encumbered by existing liens and security interests, and to that end, any lien or security interest granted herein will be junior to such existing liens and security interests encumbering the Collateral.

5. Maker shall be in default under this agreement if Maker violates any of the provisions herein or violates any of the provisions contained in the Promissory Note.

6. Until default, Maker may have possession and beneficial use of the Collateral and may use it in any lawful manner not inconsistent with this agreement and the Promissory Note.

7. Upon maker's default under this agreement or the Promissory Note, Holder shall have at

any time thereafter the rights and remedies provided in Arizona's Uniform Commercial Code.

8. Any notice hereunder to either party shall be in writing and shall be deemed to be given on the date delivered, personally, or via facsimile, or three (3) days after the date when mailed by United States mail, postage prepaid, to the addresses and facsimile numbers listed below, or at such other addresses as the party may, by written notice received by the other, designates as its address for purposes hereunder to Maker.

>       TO MAKER:        Florence Hospital at Anthem, LLC
>                        4545 N. Hunt Highway
>                        Florence, AZ 85132
>
>                        Thomas H. Allen
>                        ALLEN, SALA & BAYNE, PLC
>                        1850 N. Central Avenue, Suite 1150
>                        Phoenix, AZ 85004
>
>       TO HOLDER:       Dr. Timothy A. Johns
>                        8020 E. Palm Lane
>                        Mesa, Arizona 85207

9. This agreement will be governed by the laws of the State of Arizona.

10. Maker may execute any documents necessary to perfect, amend, or to continue the security interest and lien granted in this agreement. Holder may at any time, and without further authorization from Maker, file a photogenic or other reproduction of any financing statement or of this agreement for use as a financing statement.

11. This agreement shall be binding upon and inure to the benefit of the parties and/or their successors and assigns. If ownership of the Collateral becomes vested is a person other than Maker, Holder, without notice to Maker, may deal with Maker's successors with reference to this agreement and the Promissory Note by way of forbearance or extension without releasing Maker from the obligations of this agreement and the Promissory Note.

12. All representations, warranties, and agreements made by Maker in this agreement shall survive the execution and delivery of this agreement, shall be continuing in nature, and shall remain in full force and effect until such time as the Promissory Note shall be paid in full.

13. Time is of the essence in the performance of this agreement.

**THE UNDERSIGNED PARTIES HAVE READ AND UNDERSTAND ALL PROVISIONS OF THIS SECURITY AGREEMENT AND AGREE TO ITS TERMS.**

///

DATED this ____ day of June 2013

**MAKER:**

Florence Hospital at Anthem, LLC

_____
By: Charles Craven
As: Interim Chief Financial Officer
    Florence Hospital at Anthem, LLC

**HOLDER:**

_____
By: Dr. Timothy A. Johns