

THIS ORDER IS APPROVED.

Dated: October 17, 2014

**Brenda Moody Whinery, Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| FLORENCE HOSPITAL AT ANTHEM, LLC, | Case No. 4-13-bk-03201-BMW |
| Debtor. | **ORDER ESTABLISHING BID PROCEDURES, SETTING DATE AND TIME OF SALE HEARINGS, AND SETTING RELATED DEADLINES** |

THIS MATTER COMES BEFORE THE COURT pursuant to the *Debtor's Motion For Orders: (1) Approving Sale Of Debtor's Assets Free And Clear Of Liens, Claims And Interests, (2) Approving Assumption And Assignment Of Unexpired Leases And Executory Contracts, (3) Approving Certain Bid And Auction Procedures, (4) Setting Date And Time For Hearing On Proposed Sale, And (5) Approving Form And Notice Of Auction And Sale Hearing* (the "**Sale Motion**") filed by Florence Hospital at Anthem ("**Debtor**") on June 11, 2014 [Dkt. No. 543], as modified by that certain *Letter of Intent* dated October 10, 2014 ("**Blue Wolf LOI**") from Blue Wolf Capital Fund, III, L.P. ("**Blue Wolf**" or "**Stalking Horse Bidder**") filed by the Debtor on October 10, 2014 as part of its *Amended Notice of Filing: (1) Amended Letter Of Intent From Blue Wolf Capital Fund III, L.P.; (2) Proposed Form Asset Purchase Agreement Regarding The Sale Of The Debtor's Assets; and (3) Proposed Order Establishing Bid Procedures, Setting Date And Time Of Sale Hearing, And Setting Related Deadlines* ("**Notice of Blue Wolf LOI**") [Dkt. No. 608].

Pursuant to the Sale Motion and, *inter alia*, §§105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (as amended, the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 6004-1 and 6006-1, the Debtor requests, among other things, the entry of an order (this "**Procedures Order**") authorizing and approving certain proposed procedures, dates and deadlines, **as modified herein**, (collectively, the "**Bid Procedures**") to govern the process for selling substantially all the Debtor's assets and providing for the submission of any competing bids relating to any sale with Blue Wolf as the approved Stalking Horse Bidder. **Unless otherwise stated, capitalized terms shall have the meanings ascribed to them in the Sale Motion.**

At the request of the Debtor, the Court held hearings regarding the Debtor's request for entry of the Procedures Order on June 19, 2014, June 27, 2014, September 10, 2014, October 2, 2014 and October 6, 2014 (collectively, the "**Sale Procedures Hearings**"). The Court has considered those portions of the Sale Motion relating to the Bid Procedures, any objections thereto, the Notice of Blue Wolf LOI, the oral arguments and statements of counsel at the Sale Procedure Hearings, and the record in this case.

Based on such consideration, the Court finds that it has jurisdiction over the Sale Motion; this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the statutory predicates for the relief requested herein are §§ 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006; notice of the Sale Motion was adequate and appropriate under the circumstances and no further notice need be given; the proposed Bid Procedures are reasonable and appropriate under the circumstances; and good cause exists to grant the relief concerning the Bid Procedures as requested in the Motion and as modified on the record at the Sale Procedures Hearings, as more fully set forth herein.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The Sale Motion is granted in part, as set forth in this Procedures Order.

2. All objections to the Bid Procedures that have not been withdrawn, waived and/or settled are hereby overruled.

3.     The Bid Procedures, as set forth below, are approved and shall be effective and binding on all parties.

4.     Within two days of the entry of this Order, the Debtor shall send a copy of this Order, via first class mail, to any entity or individual that demonstrated an interest in acquiring the Debtor's assets. The Debtor shall file a certificate of service demonstrating such delivery.

5.     Blue Wolf is approved and designated as the Stalking Horse Bidder pursuant to the terms of the Blue Wolf LOI.

6.     The form and manner of notice of the proposed sale of assets, the assumption and assignment of executory contracts and unexpired leases, and related matters proposed in the Sale Motion, including the form of Sale and Procedures Notice and the form of Contract Notice, as set forth respectively in **Exhibit 1** and **Exhibit 2** attached hereto, are approved.

7.     The form Asset Purchase Agreement filed with the Court on October 10, 2014 shall constitute the form APA referred to in the Bid Procedures below.

8.     If Blue Wolf proceeds with the purchase of the Debtor's assets, the Debtor shall file an executed Asset Purchase Agreement, with all exhibits, on or before **December 5, 2014.**

9.     Objections to the Sale Motion shall be filed with the Court and served pursuant to applicable rules of bankruptcy procedure on or before **December 15, 2014** (the "**Objection Deadline**").

10.    Nothing herein shall constitute an approval of the proposed Sale, and the parties' rights to object to the proposed Sale, or to respond to any such objection, are fully preserved.

11.    Any objections to the relief requested in the Sale Motion shall be served on counsel for the Debtor, in a manner that ensures that it is actually received by Debtor's counsel prior to the applicable objection deadline.

12.    Any responses in support of the Sale Motion shall be filed with the Court and served pursuant to applicable rules of bankruptcy procedure on or before **December 31, 2014** (the "**Response Deadline**"). The Stalking Horse Bidder shall be entitled to file pleadings in support of the Sale Motion and in response to any objection thereto and shall have the right to be heard on

3

1  issues related to the Sale Motion and Sale Order.

2      13.    Any replies in support of objections to the Sale Motion shall be filed with the Court

3  and served pursuant to applicable rules of bankruptcy procedure on or before **January 5, 2014** (the

4  "**Response Deadline**").

5      **Credit Bids**

6      14.    Unless such rights are otherwise altered by an order of this Court, Bank SNB, N.A.

7  ("**Bank**") shall be entitled to credit bid its claim as allowed by the Court. All parties in interest,

8  including the Debtor and the Official Committee of Unsecured Creditors, have reserved their rights

9  to challenge the Bank's right and ability to credit bid.  No other creditor holding a claim allegedly

10  secured by any of the Debtor's assets to be purchased by Blue Wolf under the Blue Wolf APA shall

11  be entitled to credit bid.

12      15.    Any party wishing to challenge the Bank's rights to credit bid at the Sale must file

13  such a motion no later than **November 24, 2014.**  Any responses to such a motion challenging the

14  Bank's credit bid rights must be filed no later than **December 4, 2014.**  Any reply in support of

15  such a motion challenging the Bank's credit bid rights must be filed no later than **December 9,**

16  **2014.**

17      16.    On **December 10, 2014 at 10:00 o'clock a.m.**, the Court will conduct a non-

18  evidentiary hearing (the "**Initial Credit Bid Challenge Hearing**") regarding challenges to the

19  Bank's credit bid rights.  If an evidentiary hearing is necessary for the resolution of any such

20  challenges, the Court will conduct an evidentiary hearing regarding such challenges on **December**

21  **16, 2014 at 10:00 o'clock a.m.** (the "**Credit Bid Challenge Evidentiary Hearing**").  Both

22  hearings will be held at the **United States Bankruptcy Court, Courtroom 446, 38 S. Scott**

23  **Avenue, Tucson, AZ.**

24      **Cost Reimbursement and Grant of Superpriority Administrative Claim**

25      17.    Per the agreement of the Bank, Blue Wolf as Stalking Horse Bidder, the Debtor, the

26  United States Trustee, the Official Committee of Unsecured Creditors and Gilbert Hospital, LLC, at

27  the continued Sale Procedures Hearings, a Cost Reimbursement of $175,000 will be payable to the

28

1    Stalking Horse Bidder on the conditions that the Stalking Horse Bidder executes an APA and Blue
2    Wolf, as the Stalking Horse Bidder, is not the Prevailing Bidder at the Auction due to an overbid.
3    If the overbid is as a result of a cash Prevailing Bid at the Auction, then the Cost Reimbursement of
4    $175,000 shall be paid to Blue Wolf from and as part of the closing and funding of proceeds to be
5    paid by the Prevailing Bidder at such closing. If the overbid of a Prevailing Bidder at the auction
6    includes, in whole or in part, a credit bid at the Auction, then the Cost Reimbursement to Blue Wolf
7    of $175,000 shall be timely made to Blue Wolf no later than at the closing of such sale or asset
8    transfer through the payment of $175,000 from cash on hand to be held by the Debtor in a separate
9    segregated account (the "**Cost Reimbursement Account**"). The Cost Reimbursement Account
10   must be created and fully funded two (2) business days following the entry of this Order. To the
11   extent that the $175,000 in the Cost Reimbursement Account constitutes the Bank's cash collateral,
12   the Bank consents to the use of such funds to pay the Cost Reimbursement in the event that a credit
13   bidder is the Prevailing Bidder. Further, the Cost Reimbursement to Blue Wolf is granted as a
14   super-priority administrative claim in the amount of $175,000 such that the Cost Reimbursement
15   shall be paid to Blue Wolf from the Cost Reimbursement Account ahead of any other
16   administrative claims but only in the event that the overbid of a Prevailing Bidder at the auction
17   includes, in whole or in part, a credit bid at the Auction.

18              **Stalking Horse Bidder's Access to Information and Exclusivity**

19              18.     The Debtor will provide to the Stalking Horse Bidder and its business, legal and
20   accounting representatives and advisors prompt access to the corporate, business, financial,
21   accounting, tax, customer, supplier, and all other records and information relating to the Debtor as
22   requested by the Stalking Horse Bidder and will make available all such information and personnel
23   as may reasonably be requested in connection therewith.

24              19.     The Stalking Horse Bidder's due diligence period shall end on December 4, 2014
25   (the "**Due Diligence Period**"). The Debtor will work with the Stalking Horse Bidder on an
26   exclusive basis during the Due Diligence Period to finalize the Blue Wolf APA and other
27   documents evidencing the Sale. During the Due Diligence Period, the Debtor will direct and cause
28

1  all of its officers, directors, employees, affiliates, investment bankers, consultants and other agents

2  and advisors (collectively, the "**Representatives**") not to, directly or indirectly, enter into any

3  agreement with, any other corporation, firm or person, for the merger, consolidation or business

4  combination or purchase, sale, transfer, encumbrance or disposition of all or substantially all of the

5  Company securities, claims, assets or operations (other than as adequate protection of the Bank's

6  pre-petition claims and a carve-out for professional fees in the Chapter 11 case). Notwithstanding

7  the foregoing, the Debtor and its Representatives will provide due diligence and other information,

8  including the APA signed by the Debtor and Blue Wolf, to third parties requesting the same during

9  the Due Diligence Period, but the Debtor and its Representatives shall not solicit, negotiate, and/or

10 entertain other proposals to enter into any agreements during the Due Diligence Period for another

11 corporation, firm or person to become the stalking horse bidder or usurp, replace or substitute the

12 Stalking Horse Bidder as the stalking horse bidder in any respect.

13       **The Bid Procedures**

14       20.    The following Bid Procedures are subject to modification (a) by the Court and/or (b)

15 in the reasonable business judgment of the Debtor, if it determines that such modifications are in

16 the best interests of the Debtor and its estate, provided that the Debtor gives notice of such

17 modifications, and the reasons therefore, to all affected parties promptly following any such

18 determination.

19       21.    The Debtor may modify any deadline or other provision of these Bid Procedures

20 with the written consent of Bank SNB, the Unsecured Creditors Committee, and the Stalking Horse

21 Bidder, which consent will not be unreasonably withheld. Any such modifications must be

22 approved by the Court. The Debtor shall give notice of such modifications to all affected parties

23 promptly following the entry of an appropriate court order.

24       22.    The Court may, at any time, modify any deadline or other provision of these Bid

25 Procedures as it deems necessary and appropriate, in its sole discretion.

26       23.    The bidding process as approved by this Order shall only commence after Blue Wolf

27 has provided written notice to the Debtor that Blue Wolf's confirmatory due diligence as provided

28

for in Section 2 of the Blue Wolf LOI was satisfactory to Blue Wolf.

24. Notwithstanding anything in the Blue Wolf LOI, the deadline for Blue Wolf to complete its due diligence and notify the Debtor that it intends to proceed, or not to proceed, with the purchase of the Debtor's assets is **December 4, 2014.**

25. On or before **December 5, 2014** (or within one business day after receiving notice from Blue Wolf that it intends to proceed, or not to proceed, with the purchase of the Debtor's assets, if such notice is provided by Blue Wolf earlier than December 4, 2014), the Debtor shall file and serve a notice of Blue Wolf's intention to proceed, or not to proceed, with the purchase of the Debtor's assets.

### Determining Potential Bidders

To participate in the bidding process, each person or entity who wishes to receive non-public information concerning the Debtor, its assets, or its business (a "**Potential Bidder**") must deliver, or have previously delivered, to the Debtor a confidentiality agreement in a form reasonably acceptable to the Debtor.

### Qualified Bids and Qualified Bidders

(a) *Determination of Qualified Bids and Qualified Bidders*

In order to participate in the Auction, a Potential Bidder must be deemed by the Debtor to be a qualified bidder ("**Qualified Bidder**") and its bid ("**Potential Bid**") a qualified bid ("**Qualified Bid**"). In order to be deemed a Qualified Bidder and its Potential Bid a Qualified Bid, a Potential Bidder must submit, on or before **5:00 pm PST on December 10, 2014** (the "**Bid Deadline**"), a Potential Bid package which complies with the provisions of this section. Potential Bid packages should be submitted, at, or prior to, the Bid Deadline to CKS Securities, the Debtor's investment banker, at:

> CKS Securities, LLC
> c/o David Gonzales
> 6263 N. Scottsdale Road, Suite 390
> Scottsdale, AZ 85254
> Telephone: 480-451-1223
> E-Mail: dgonzales@cks-securities.com

(b) *The Stalking Horse's Bid is deemed to be a Qualified Bid and the Stalking Horse Bidder is deemed to be a Qualified Bidder.*

Case 4:13-bk-03201-BMW    Doc 613    Filed 10/17/14    Entered 10/17/14 16:47:44    Desc
Main Document    Page 7 of 36

(c) *Minimum Requirements For a Timely Submitted Potential Bid To Be Considered For Designation as a Qualified Bid and the Party Submitting Such Bid a Qualified Bidder*

A timely received Potential Bid package must include the following documents and terms:

A. *Asset Purchase Agreement*

(1) A copy of the APA in the form filed by the Debtor, marked to show all changes requested by the Potential Bidder, including those related to purchase price and assets to be purchased. Notwithstanding the terms of the Blue Wolf APA, the APA submitted with a Potential Bid may not provide for a due diligence period that will be exclusive or extend beyond the Bid Deadline. The Debtor may conclude, in its reasonable business judgment, that any such changes are detrimental to unsecured creditors and/or the estate and, based on such determination, decline to designate the Potential Bidder and the Potential Bid as qualified to participate in the Auction, unless such requested changes are acceptably modified or are eliminated.

(2) A clean version of the APA containing all of the requested changes described in (1), above, and executed by the Potential Bidder.

(3) Such APA shall clearly state whether the Potential Bid is for all, or only a portion, of the Assets. If the bid is for only a portion of the Assets, the specific assets to be purchased must be particularly described.

(4) The APA, including the APA executed by the Stalking Horse Bidder, shall not include any financing or due diligence contingencies but may include conditions to closing like those contained in the Blue Wolf APA, as of the Bid Deadline and must, by its terms, remain open and binding on the Potential Bidder until the conclusion of the Auction. If a Potential Bidder and a Potential Bid are deemed qualified to participate in the Auction, and the Auction concludes with such Qualified Bid being determined by the Debtor, in its reasonable business judgment, as the highest and best received at the Auction (the "**Prevailing Bid**"), the APA, with respect to such Qualifying Bid, by its terms, shall remain binding upon the Prevailing Bidder submitting such Qualified Bid. If the Auction concludes with the Qualified Bid being determined by the Debtor, in its reasonable business judgment, to be the second highest and best, the APA, by its terms, shall remain binding as the backup bid ("**Backup Bid**") until the closing of a Transaction with the Prevailing Bidder, and if such Prevailing Bidder fails to timely close the Transaction pursuant to the terms of the Prevailing Bid APA, the Debtor may, in its reasonable business judgment, elect to deem the Backup Bid as the Prevailing Bid and the Backup Bidder as the Prevailing Bidder and such Prevailing Bidder shall be obligated to close the Transaction pursuant

8

to the terms of its bid. If a Qualified Bid is neither the Prevailing Bid, nor the Backup Bid, the APA, by its terms, shall cease to be binding and any deposit shall be returned to the Qualified Bidder as soon as practicable following the conclusion of the Auction.

### B. *Identification of Potential Bidder*

A Potential Bid package shall identify the Potential Bidder and the Potential Bidder's sponsors ("**Sponsors**") (if any), and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction.

### C. *Corporate Authority.*

A Potential Bid package shall contain written evidence of the approval of the Potential Bidder's Board of Directors (or comparable governing body) of the transaction upon the terms provided in such Potential Bidder's APA; provided, however, that, if the Potential Bidder is an entity specially formed for the purpose of acquiring the Property, then the Potential Bidder must furnish written evidence, reasonably acceptable to the Debtor, of the approval of the contemplated transaction by the Board of Directors (or comparable governing body) of each of the equity holder(s) of the Potential Bidder.

### D. *Proof of Financial Ability to Perform.*

A Potential Bidder must provide evidence that the Debtor reasonably concludes demonstrates that the Potential Bidder and/or its Sponsor(s) have the necessary financial ability to close the Transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned to the Potential Bidder pursuant to its APA. Such information should include, inter alia, the following:

(1) Contact names and numbers for verification of financing sources,

(2) Evidence of the Potential Bidder's and/or its Sponsor(s) internal resources and proof of any debt or equity funding commitments that are needed to close the Transaction, which commitments shall not be contingent or conditional;

(3) The Potential Bidder's and/or its Sponsor(s) current financial statements (audited if they exist); and

(4) Any other form of financial disclosure, credit-quality support information, or enhancement reasonably acceptable to the Debtor, demonstrating that such Potential Bidder and/or its Sponsor(s) have the ability to close the Transaction; *provided, however,* that the Debtor shall determine, in its reasonable discretion, whether the written evidence of such financial wherewithal is reasonably acceptable.

9

E. *No Bid Protections For Potential Bidders*

Other than the Stalking Horse Bidder, a Potential Bidder may not request any break-up fee, termination fee, expense reimbursement or similar type of payment. Moreover, neither the tendering of a Potential Bid, nor the determination that a Potential Bid is a Qualified Bid, shall entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment, except as provided herein with respect to the Stalking Horse Bidder.

F. *Cash Deposit*

Each Bid, other than the Stalking Horse Bid and any credit bid by the Bank (to the extent that the Bank is authorized to credit bid), must be accompanied by a cash deposit ("**Deposit**") of 5% of the purchase consideration proposed in the Potential Bid. The Deposit shall be held in an interest-bearing escrow account to be identified and established by the Debtor and/or the Debtor professionals. The deposit of the Prevailing Bidder, other than the Stalking Horse Bidder, shall be increased to 10% of the consideration included in the Prevailing Bid within three (3) business days after the Prevailing Bid is approved by the Bankruptcy Court and shall be applied to the purchase price at close.

In the event a Potential Bidder is determined by the Debtor not to be a Qualified Bidder, the Potential Bidder shall be refunded its deposit and all accumulated interest thereon on, or before, **December 15, 2014**. Each Qualified Bidder, other than the Prevailing Bidder and the Backup Bidder, shall be refunded its deposit and all accumulated interest thereon within three (3) business days after the conclusion of the Auction.

G. *Notification of Selection of Qualified Bidders and Bids*

The Debtor shall identify and notify the Qualified Bidders of their selection as a Qualified Bidder on, or before, **December 12, 2014**. Also on or before **December 12, 2014**, the Debtor shall file and serve a notice (a) that it has, or has not, received competing bids from qualified bidders, (b) listing the qualified bidders and identifying bids, and (c) listing bidders determined by the Debtor not to be qualified bidders.

Any party whom the Debtor has identified as being an un-Qualified Bidder may file with the Court, and serve upon parties who have requested service, a motion challenging such determination **no later than December 18, 2014**. Any response by the Debtor to such challenge must be filed no later than **December 31, 2014**. The Court will hear such challenges on the date and time set for the Auction, below, prior to the Auction.

The Debtor's determination of the Qualified Bidders shall become irrevocable and unreviewable once the Auction has commenced.

10

*H.*   *Consultation with Creditor's Committee*

The Debtor shall consult with the Official Committee of Unsecured Creditors on any modification to the Bid Procedures and on any determination of Potential Bids, Qualifying Bids, Prevailing Bids and/or Back-Up Bids.

**Notice of the Auction or of Absence of Qualified Bids**

Unless on, or prior to, the Bid Deadline date the Debtor selects less than two (2) Qualified Bids, an auction (the "**Auction**") will be held on **January 7, 2015 beginning at 10:00 a.m.** local time **at the United States Bankruptcy Court, Courtroom 446, 38 S. Scott Avenue, Tucson, AZ.**

The Debtor may, in its reasonable business judgment, disregard any Potential Bids received after the Bid Deadline, in which case any such bids shall be deemed not to be Qualified Bids.

**The Auction**

*(a)*   *Attendance at and Participation in the Auction.*

Any interested party, including the Debtor and its representatives and advisors and Bank SNB and its representatives and advisors, may attend the Auction. Only those parties who have been selected as Qualified Bidders and their representatives and advisors may participate in the Auction as bidders.

*(b)*   *The Auction Process.*

*A.*   *The Debtor Shall Conduct the Auction*

The Debtor and the Debtor's professionals shall direct and preside over the Auction with the supervision of the Court.

*B.*   *Initial Bids*

At the commencement of the Auction, bidding shall commence with the highest and best Qualified Bid ("**Initial Bid**"), as determined by the Debtor, in its reasonable business judgment.

The Initial Bid must be at least equal to the amount of the Stalking Horse Bidder's bid *__plus__* the amount of the Cost Reimbursement ($175.000) *__plus__* $100,000.

The determination of the highest and best Initial Bid shall take into account any factors the Debtor reasonably deems relevant to the value and benefit to the Debtor's estate of the Qualified Bid, including, *inter alia*, the following: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities, if any, and the impact of the proposed transaction on the amount of claims remaining against the Debtor's estate following consummation; (c) the ability of the Qualified Bidder to timely close the transaction; (d) the proposed closing date; (e) the likelihood, extent and impact of any potential delays in closing; (f) any purchase price adjustments; and (g) the ability of the Qualified Bidder to provide adequate assurance of

11

future performance under any executory contracts or unexpired leases proposed to be assumed and assigned, or otherwise obtain any consents necessary for the consummation of the transaction (collectively the "**Bid Criteria**"). Each bid made following the Initial Bid shall be an Overbid (as defined below), and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders. The Debtor shall maintain a record of all bids made and announced at the Auction, including the Stalking Horse Bid, any Credit Bids, all Overbids and the Prevailing Bid.

C.  *Terms of Overbids.*

An "**Overbid**" is any bid made at the Auction subsequent to the Debtor's announcement of the Initial Bid. To submit an Overbid for purposes of the Auction, a Qualified Bidder must comply with the following conditions:

(1)  *Minimum Overbid Increment*

Any Overbid after the Initial Bid shall be made in increments of at least $100,000.

(2)  *Remaining Terms are the Same as for Qualified Bids*

Except as modified below, an Overbid must comply with the conditions for a Qualified Bid set forth above, provided, however, that the Bid Deadline shall not apply. Any Overbid must remain open and binding on the Qualified Bidder until and unless the Debtor accepts a higher Qualified Bid as an Overbid.

(3)  *Financial Ability With Respect to an Overbid*

To the extent not previously provided (which shall be determined by the Debtor in its reasonable business judgment), a Qualified Bidder submitting an Overbid, other than the Bank with respect to a credit bid (to the extent that the Bank is authorized to credit bid) must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor, in his reasonable discretion) demonstrating such Qualified Bidder's ability to close the proposed transaction pursuant to the terms of such Overbid.

D.  *Consideration of Overbids.*

The Debtor may, in its reasonable business judgment, make one or more adjournments in the Auction to, among other things: facilitate discussions between the Debtor and the Debtor's representatives and advisors as well as with individual Qualified Bidders and their respective representatives and advisors; allow individual Qualified Bidders to consider how they wish to proceed; and give Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor, in its reasonable business

12

judgment, may require, that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount;

E.  *Announcing Overbids*

The Debtor shall announce at the Auction the material terms of each Overbid as they occur.

F.  *Conditions To, and the Closing Of, the Auction*

The Auction shall continue until there is only one Qualified Bid that the Debtor determines, in its reasonable business judgment, is the highest and best Qualified Bid. In making this decision, the Debtor shall consider the Bid Criteria. The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid and the Qualified Bidder submitting such Overbid has submitted a fully executed APA, memorializing the terms of the Overbid, or made appropriate modifications to the APA, previously submitted in order to accomplish the same.

Thereafter, the Debtor shall identify which Qualified Bidder, in the reasonable business judgment of the Debtor, has made the highest and best bid, as determined by, among other things, the Bid Criteria.

The Auction shall then be closed. Once the Auction is closed, the Debtor shall be prohibited from discussing, soliciting or accepting any further bids.

G.  *Consent to Jurisdiction as Condition to Bidding*

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the sale of the Property and the construction and enforcement of the APA.

**Bankruptcy Court Approval and Authorization of the Transaction**

The Debtor shall present the Prevailing Bid to this Court at the Post-Auction Sale Hearing, as set forth below, and the Debtor will request the Bankruptcy Court's approval thereof and authorization for the Debtor to consummate the transaction pursuant to the terms of the Prevailing Bid.

**Executory Contracts and Unexpired Leases to Be Assumed by the Stalking Horse Bidder.**

26.  <u>Stalking Horse Bidder's Designation Deadline</u>.   On or before **November 21, 2014** (the **"SHB Designation Deadline"**), the Stalking Horse Bidder will have provided to the Debtor its

13

list of executory contracts and unexpired leases that it intends to assume pursuant to the Sale, including the Debtor's lease with MPT of Florence, LLC (whether modified, amended or not) (the "**SHB Transferred Contract List**").

27.     On or before **November 25, 2014**, the Debtor shall file with the Court and serve on all non-Debtor counterparties to any contract or lease (the "**SHB Contract Notice Parties**") that are listed on the SHB Transferred Contract List and are subject to being assumed and assigned in connection with the Sale of the Debtor's assets to the Stalking Horse Bidder (an "**SHB Transferred Contract**"), a Contract Notice in the form attached hereto as **Exhibit 2** that identifies, to the extent applicable, (a) the contract or lease that may be a Transferred Contract, (b) the name of the counterparty to such contract or lease, (c) any applicable cure amount for such contract or lease if it becomes an SHB Transferred Contract, (d) whether the subject contract or lease is subject to an arrangement which modifies or amends its terms in a manner acceptable to the non-Debtor party to the contract or lease, and (e) provides notice of the deadline for responses or objections to the proposed assumption and assignment of the contract or lease and/or the Cure Amount with respect thereto; provided, however, that the presence of a contract or lease on a Contract Notice does not constitute an admission that such contract or lease is an executory contract and does not bar the Debtor or the Stalking Horse Bidder from removing any such contract or lease from the SHB Transferred Contract List.

28.     Objections to Assumption and Assignment of Contracts. OBJECTIONS, IF ANY, TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF ANY OF THE CONTRACTS OR LEASES LISTED ON THE SHB TRANSFERRED CONTRACT LIST, MUST BE FILED WITH THE COURT AND SERVED ON THE DEBTOR'S COUNSEL **ON OR BEFORE DECEMBER 15, 2014**. ANY SUCH OBJECTIONS SHALL BE HEARD AT THE POST-AUCTION SALE HEARING.

29.     Any replies in support of the assumption and assignment of executory contracts or unexpired leases listed on the SHB Transferred Contract List shall be filed and served on or before **December 23, 2014**.

**Executory Contracts and Unexpired Leases to Be Assumed by Other Qualified Bidders.**

30.  Designation Deadline. At or prior to the Bid Deadline, each Qualified Bidder shall provide the Debtor with the list of contracts and leases that such Qualified Bidder intends to have assigned to it under an APA (collectively, the "**QB Transferred Contract List**").

31.  Notices for Assigned Agreements. If an executory contract or unexpired lease listed on a QB Transferred Contract List is not also listed on the SHB Transferred Contract List, and has not already been sent a Contract Notice (a "**QB Transferred Contract**"), then as soon as practicable after determining that a QB Transferred Contract is subject to being assumed and assigned pursuant to the Sale, but no later than **December 12, 2014**, the Debtor shall serve on all non-Debtor counterparties to any QB Transferred Contract (the "**QB Contract Notice Parties**") that are subject to being assumed and assigned in connection with the Sale of the Debtor's assets, a Contract Notice in the form attached hereto as **Exhibit 2** that identifies, to the extent applicable, (a) the contract or lease that may be a QB Transferred Contract, (b) the name of the counterparty to such contract or lease, (c) any applicable cure amount for such contract or lease if it becomes a QB Transferred Contract, (d) whether the subject contract or lease is subject to an arrangement which modifies or amends its terms in a manner acceptable to the non-Debtor party to the contract or lease, and (e) provides notice of the deadline for responses or objections to the proposed assumption and assignment of the contract or lease and/or the Cure Amount with respect thereto; provided, however, that the presence of a contract or lease on a Contract Notice does not constitute an admission that such contract or lease is an executory contract and does not bar the Debtor or any Qualified Bidder from removing any such contract or lease from a list of Transferred Contracts or adding additional contracts or leases to a list of Transferred Contracts, so long as such additions occur prior to **December 12, 2014**.

32.  Objections to Assumption and Assignment of Contracts. OBJECTIONS, IF ANY, TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF ANY OF THE QB TRANSFERRED CONTRACTS, MUST BE FILED WITH THE COURT AND SERVED ON

THE DEBTOR'S COUNSEL **ON OR BEFORE DECEMBER 19, 2014**. ANY SUCH OBJECTIONS SHALL BE HEARD AT THE POST-AUCTION SALE HEARING.

33. Any replies in support of the assumption and assignment of executory contracts or unexpired leases listed on the QB Transferred Contract List shall be filed and served on or before **December 23, 2014**.

**Transferred Contracts**

34. <u>Notice of Transferred Contracts</u>. Within three (3) business days of entry of the Sale Order, the Debtor will file with the Court, and serve on all parties on the Debtor's master mailing list, a notice stating which contracts and leases will be assumed and assigned (the "**Transferred Contracts List**"), together with a copy of the Sale Order.

35. Unless the Debtor and any non-Debtor party to an executory contract or unexpired lease to be assumed and assigned pursuant to the Sale have reached an agreement with respect to such assumption and assignment, to the extent that any person or entity does not timely object as set forth above, such person or entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Contracts identified on the Contract Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable contract or lease, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Buyer has provided adequate assurance of future performance within the meaning of § 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults have been cured as a result or precondition of the assignment, such that the Buyer and the Debtor shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, (f) deemed to agree that from and after the date of the assignment the applicable contract or lease shall remain in full force and effect for the benefit of the Buyer and such entity in accordance with its terms, (g) deemed to have relieved the Debtor and its estate from any liability for breach of such contract or lease occurring after such assignment; (h) deemed to have waived any right to terminate the applicable contract or lease or designate any

16

1 early termination date under the applicable contract or lease as a result of any default that occurred

2 and/or was continuing prior to the assignment date, and (i) deemed to have agreed that the terms of

3 the Sale Order shall apply to the assumption and assignment of the applicable contract or lease.

4      36.    If a party to an assigned contract or lease files a timely objection to the assumption

5 and assignment and/or to the Cure Amount set forth in the Contract Notice, and the parties are

6 unable to consensually resolve the dispute prior to the Post-Auction Sale Hearing, such objection

7 will be determined at the Post-Auction Sale Hearing or such other date and time as may be fixed by

8 the Court.

9      **Proposed Post-Auction Sale Hearings and Related Deadlines.**

10      37.    Following the Auction, the Court shall conduct a hearing regarding approval of the

11 Auction and Sale, and the assumption and assignment of any SHB Transferred Contract and/or QB

12 Transferred Contract (the "**Post-Auction Sale Hearing**") immediately following the Auction on

13 **January 7, 2014 at the United States Bankruptcy Court, Courtroom 446, 38 S. Scott Avenue,**

14 **Tucson, AZ**.

15      38.    In the event that the Post-Auction Sale Hearing is not concluded by the close of

16 business on January 7, 2014, the Court has set **January 9, 2014 at 10:00 o'clock a.m. at the**

17 **United States Bankruptcy Court, Courtroom 446, 38 S. Scott Avenue, Tucson, AZ** as a back-

18 up date to conclude the Post-Auction Sale Hearing, as and if necessary.

19      39.    To the extent necessary, the Court will use **January 13, 2014 and January 14,**

20 **2014 beginning at 10:00 o'clock a.m. at the United States Bankruptcy Court, Courtroom 446,**

21 **38 S. Scott Avenue, Tucson, AZ** as evidentiary hearing dates on approval of the proposed Auction

22 and Sale.

23      **Consumer Privacy Ombudsman**

24      40.    The Debtor agrees to the appointment of a Consumer Privacy Ombudsman pursuant

25 to 11 U.S.C. § 332.

26      **Notice.**

27      41.    The Court hereby approves the form and manner of notice described in the following

28

paragraphs as reasonable, sufficient, and in accordance with the Bankruptcy Code and Bankruptcy Rules with respect to the relief requested in the Motion.

42.     Service of the Sale and Procedures Notice.  Within two business days after the entry of this Procedures Order, the Debtor will serve the Sale and Procedures Notice attached hereto as **Exhibit 1** (to which this Order will be attached), by email and first class mail on all parties listed on the Debtor's master mailing list.

43.     Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

44.     The Court shall retain jurisdiction to resolve any dispute relating to the interpretation of this Order.  To the extent any provisions of this Order are inconsistent with the Sale Motion, the terms of this Order shall control.

SO ORDERED this ___ day of _____, 2014.

EXHIBIT 1

Philip R Rudd (#014026)
Wesley D. Ray (#026351)
**POLSINELLI PC**
CityScape Plaza
One E. Washington, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: prudd@polsinelli.com
E-Mail: wray@polsinelli.com
*Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| FLORENCE HOSPITAL AT ANTHEM, LLC, | Case No. 4-13-bk-03201-BMW |
| Debtor. | **NOTICE OF: (1) DEBTORS' MOTION TO APPROVE ASSET SALE AND THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS, (2) AUCTION AND SALE HEARING, AND (3) OPPORTUNITY TO BID FOR DEBTORS' ASSETS OR THE EQUITY OF REORGANIZED DEBTORS** |

**PLEASE TAKE NOTICE** that on **January 7, 2015 at 10:00 a.m. local time,** before the Honorable Brenda Moody Whinery, United States Bankruptcy Judge, in **Courtroom 446, United States Bankruptcy Court for the District of Arizona, 38 South Scott Avenue, Tucson, Arizona**, the Court will conduct (a) an auction sale of substantially all of the Debtor's assets ("**Auction**") and (b) a hearing (the "**Post-Auction Sale Hearing**") to address the Debtor's request to sell all or substantially all of its assets and to assume and assign certain of its executory contracts and unexpired leases pursuant to the *Debtor's Motion For Orders: (1) Approving A Sale Of Debtor's Assets Free And Clear Of Liens, Claims And Interests, (2) Approving Assumption And Assignment Of Unexpired Leases And Executory Contracts, (3) Approving Certain Bid And Auction Procedures, (4) Setting Date And Time For Hearing On Proposed Sale, And (5) Approving Form*

49053412.1

*And Notice Of Auction And Sale Hearing* (the "**Sale Motion**"[1]) filed by Florence Hospital at Anthem ("**Debtor**") on June 11, 2014 [Dkt. No. 543] ], as modified by that certain *Letter of Intent* dated October 10, 2014 ("**Blue Wolf LOI**") from Blue Wolf Capital Fund, III, L.P. ("**Blue Wolf**" or "**Stalking Horse Bidder**") filed by the Debtor on October 10, 2014 as part of its *Amended Notice of Filing: (1) Amended Letter Of Intent From Blue Wolf Capital Fund III, L.P.; (2) Proposed Form Asset Purchase Agreement Regarding The Sale Of The Debtor's Assets; and (3) Proposed Order Establishing Bid Procedures, Setting Date And Time Of Sale Hearing, And Setting Related Deadlines* ("**Notice of Blue Wolf LOI**") [Dkt. No. 608].

      **PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Notice of Blue Wolf LOI and related pleadings may be obtained by accessing PACER through the United States Bankruptcy Court website for the District of Arizona at https://ecf.azb.uscourts.gov/ or by contacting the Debtor's bankruptcy counsel, Polsinelli, PC, Attn: Mary Engel, Paralegal, by telephone at (602) 650-2081 or by email at mengel@polsinelli.com.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Motion and, *inter alia*, §§ 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 6004-1 and 6006-1, the Debtor has requested the entry of orders:

      1.      Approving a sale ("**Sale**") of all or substantially all of the assets of the Debtor, free and clear or all liens, claims, and other interests pursuant to an asset purchase agreement (the "**APA**") in the form filed by the Debtor with the Notice of Blue Wolf LOI or pursuant to a modified form of asset purchase agreement (the "**Alternative APA**") negotiated with the Prevailing Bidder for the Debtor's assets (the "**Buyer**").

      2.      Approving the assumption and assignment of executory contracts and unexpired leases of the Debtors pursuant to the APA (or the Alternative APA) and determining that there are

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meaning given to them in the Sale Motion.

49053412.1

1  no defaults under such contracts and leases other than the payment of certain cure amounts

2  proposed by the Debtors ("**Cure Amounts**"), if any, and determining that the Buyer has provided

3  adequate assurance of future performance under such contracts and leases;

4        3.    Approving the APA or the Alternative APA, as applicable, and all transactions

5  contemplated thereby.

6        4.    Finding that the Buyer is a good faith purchaser entitled to the protections of

7  Bankruptcy Code 363(m);

8        5.    Providing that all of the foregoing relief shall be effective immediately upon entry of

9  the applicable order granting such relief, and that any stay of such order under Bankruptcy Rules

10  6004(h) and 6004(d) is waived and shall not be applicable; and

11        6.    Granting such other and further relief as the Court deems just and appropriate under

12  the circumstances.

13        **PLEASE TAKE FURTHER NOTICE** that the Sale Motion is supported by the

14  Memorandum of Points and Authorities accompanying the Sale Motion, any oral or documentary

15  evidence presented at or prior to the Post-Auction Sale Hearing, the arguments and representations

16  of counsel made at the Post-Auction Sale Hearing, and all germane matters of record in these

17  bankruptcy cases.

18        **PLEASE TAKE FURTHER NOTICE** that by Order of the Court, the deadline to file and

19  complete service on the Debtors of any opposition to the Motion is **December 15, 2014.** The

20  opposition must set forth all relevant facts and any relevant legal authority.

21        **PLEASE TAKE FURTHER NOTICE** that, by Order of the Court, the deadline to file and

22  serve any response in support of the Sale Motion is **December 31, 2014.**

23        **PLEASE TAKE FURTHER NOTICE** that, by Order of the Court, the deadline to file and

24  serve any replies in support of the objections to the Sale Motion is **January 5, 2015.**

25        **PLEASE TAKE FURTHER NOTICE** that the purchase price for the assets of the Debtor

26  will be determined through a competitive auction process, and that there is an opportunity to

27  present competing bids for the assets of the Debtor. Attached hereto as Exhibit "1" is the Court's

28  3

49053412.1

1 | *Order Establishing Bid Procedures, Setting Date And Time Of Sale Hearing, And Setting Related*
2 | *Deadlines* (the "**Procedures Order**"), which includes and describes the "Bid Procedures" approved
3 | by the Court, dates, deadlines, and procedures for due diligence, the submission of competing bids,
4 | the conduct of an auction and related matters. As set forth in the Procedures Order, **December 10,**
5 | **2014** is the deadline for the submission of bids, and the Auction is scheduled for **January 7, 2015**
6 | **at 10:00 a.m.**

7 | DATED: October ___, 2014.

8 | POLSINELLI PC

9 |

10 | By: _____
    | Philip R. Rudd
11 | Wesley D. Ray
    | One E. Washington Street, Suite 1200
12 | Phoenix, AZ 85004
    | *Attorneys for Debtor*

13 |

14 | **COPY** of the foregoing mailed (or served via
    | electronic notification if indicated by an "*")
15 | on October 17, 2014, to:

16 | Edward K. Bernatavicius *                     Bradley D. Gardner * bdg@udallshumway.com
    | edward.k.bernatavicius@usdoj.gov              UDALL, SHUMWAY & LYSONS PLC
17 | U.S. TRUSTEE'S OFFICE                          30 West First Street
    | 230 N. 1st Avenue, Suite 204                  Mesa, AZ 85201
18 | Phoenix, AZ 85003                              *Attorneys for Udall Shumway, PLC*

19 | Bryce A. Suzuki * bryce.suzuki@bryancave.com   Robert T. Luttrell, III *
    | Kyle S. Hirsch * Kyle.hirsch@bryancave.com    bob.luttrell@mcafeetaft.com
20 | BRYAN CAVE LLP                                 Louis Price * louis.price@mcafeetaft.com
    | 2 North Central Avenue, Suite 2200            MCAFEE & TAFT
21 | Phoenix, AZ 85004                              211 N. Robinson, Tenth Floor
    | *Local Attorneys for The Stillwater National* Oklahoma City, OK 73102-7103
22 | *Bank and Trust Company*                       *Attorneys for The Stillwater National Bank and*
    |                                               *Trust Company*

23 |

24 |

25 |

26 |

27 |

28 | 49053412.1

4

| | |
|---|---|
| 1 | Robert P. Harris * robert.harris@quarles.com<br>Lori L. Winkelman<br>*lori.winkelman@quarles.com<br>QUARLES & BRADY LLP<br>2 North Central Avenue<br>Phoenix, AZ 85004-2391<br>*Attorneys for MPT of Florence, LLC* | Rick N. Bryson *<br>rick.bryson@sandersparks.com<br>G. Gregory Eagleburger *<br>Greg.Eagleburger@sandersparks.com<br>SANDERS & PARKS PC<br>3030 North Third Street, Suite 1300<br>Phoenix, AZ 85012-3099<br>*Attorneys for Schmidt Westergard & Company* |

Robert P. Harris * robert.harris@quarles.com
Lori L. Winkelman
*lori.winkelman@quarles.com
QUARLES & BRADY LLP
2 North Central Avenue
Phoenix, AZ 85004-2391
*Attorneys for MPT of Florence, LLC*

Rick N. Bryson *
rick.bryson@sandersparks.com
G. Gregory Eagleburger *
Greg.Eagleburger@sandersparks.com
SANDERS & PARKS PC
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
*Attorneys for Schmidt Westergard & Company*

Hilary L. Barnes * hbarnes@cavanaghlaw.com
THE CAVANAGH LAW FIRM
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004
*Attorneys for Jerry Seelig, Health Care Ombudsman*

Leigee Gu * lgu@halperinlaw.net
HALPERIN BATTAGLIA RAICHT LLP
40 Wall Street, 37th Floor
New York, NY 10005
*Attorneys for Phoenix metro Inpatient Services, an affiliate of Fresenius Medical Care Holdings, Inc. d/b/a/ Fresenius Medical Care North America*

Patrick B. Howell * phowell@whdlaw.com
WHYTE HIRSCHBOECK DUDEK SC
555 East Wells Street
Suite 1900
Milwaukee, WI 53202
*Attorneys for GE Healthcare*

Pernell W. McGuire *
pmcguire@davismiles.com
DAVIS MILES MCGUIRE GARDNER, PLLC
320 N. Lerous Street, Suite A
Flagstaff, AZ 86001
*Attorneys for James Price, Mary Voorhaar, Phyllis Weinsten and William Voorhaar, Dan Quan, Billy Joe Anderson, Tiffany Anderson, Zenji Reynolds, Jonathan Maitem, Janne Maitem, Brian Hess*

Chad Philip Miesen *
chad@carpenterhazlewood.com
CARPENTER HAZLEWOOD DELGADO & BOLEN
1400 East Southern Avenue, Suite 400
Tempe, AZ 85282
*Attorneys for Anthem at Merrill Ranch Community Council, Inc.*

Donald W. Powell * d.powell@cplawfirm.com
CARMICHAEL & POWELL, P.C.
7301 North 16th Street
Suite 103
Phoenix, AZ 85020
*Attorneys for Khouseheh Kian and Kianoush Kian, Dan Quan*

Clint W. Smith * cws@cwspclaw.com
CLINT W. SMITH PC
1423 South Higley Road
Suite 120
Mesa, AZ 85206
*Attorneys for Karen Ross-Glaser*

Mark D. Chernoff * mchernoff@azfirm.net
CHERNOFF LAW FIRM, PC
14300 N. Northsight Boulvevard, Suite 205
Scottsdale, AZ 85260
*Attorneys for David Wanger*

Brian J. Pollock * bpollock@lrlaw.com
LEWIS AND ROCA
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004-4429
*Attorneys for Gilbert Hospital*

Thomas O. Kolb Jr. *
tkolb@bakerdonelson.com
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
420 20th Street North, #1400
Birmingham, AL 35203-3221
*Attorneys for MPT*

5

| | |
|---|---|
| Debra J. Cohen * dcohen@halperinlaw.net<br>Ligee Gu * lgu@halperinlaw.net<br>HALPERIN BATTAGLIA RAICHT LLP<br>40 Wall Street, 37th Floor<br>New York, NY 10005<br>*Attorneys for Fresenius Medical Care Holdings,*<br>*Inc dba Fresenius Medical Care North America* | Stacia A. Danielsen * sdanielson@sw-cpa.com<br>SCHMIDT WESTERGARD & COMPANY<br>77 West University Drive<br>Mesa, AZ 85201<br>*Schmidt Westergard & Company, PLLC* |
| Margaret A. Gillespie *<br>mgillespie@maypotenza.com<br>MAY, POTENZA, BARAN AND GILLESPIE, P.C.<br>201 North Central Ave., 22nd Floor<br>Phoenix, AZ 85004-0608<br>*Local Counsel for GE Healthcare* | Robert M. Moss *<br>rmoss@medicalpropertiestrust.com<br>MEDICAL PROPERTIES TRUST, INC.<br>1000 Urban Center Drive, Suite 501<br>Birmingham, AL 35242-2225<br>*Attorneys for Medical Properties Trust, Inc.* |
| Gary V. Ringler * garyvringler@earthlink.net<br>GARY V. RINGLER, PLLC<br>7303 W. Boston St.<br>Chandler, AZ 85226<br>*Attorneys for Dr. Paul Budnick, Debra Budnick*<br>*and Paul Budnick MDPC Profit Sharing Plan* | Nancy J. March * nmarch@fclaw.com<br>FENNEMORE CRAIG, P.C.<br>One South Church Ave., Suite 1000<br>Tucson, AZ 85701-1627<br>*Attorneys for Blue Cross Blue Shield of*<br>*Arizona* |
| Debra J. Cohen * dcohen@halperinlaw.net<br>HALPERIN BATTAGLIA RAICHT, LLP<br>40 Wall Street, 37th Floor<br>New York, NY 10005<br>*Attorneys for Apheresis Care Group, Inc. d/b/a*<br>*Phoenix Metro Inpatient Services* | Jonathan Saffer * jmsaffer@swlaw.com<br>Jill H. Perrella * jperrella@swlaw.com<br>SNELL & WILMER, L.L.P.<br>One South Church Avenue, Suite 1500<br>Tucson, AZ 85701<br>*Attorneys for Thomas Budnick* |
| Benjamin W. Reeves * breves@swlaw.com<br>SNELL & WILMER, L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, AZ 85004<br>*Attorneys for Pulte Homes Corporation* | Bradley D. Weech *<br>centraldocket@jacksonwhitelaw.com<br>JACKSON WHITE<br>40 North Center Street<br>Suite 200<br>Mesa, AZ 85201<br>*Attorneys for Gilbert Hospital, L.L.C.* |
| Andre E. Carman * acarman@lawwmc.com<br>WARNOCK, MACKINLAY & CARMAN, PLLC<br>246 South Cortez Street<br>Prescott, AZ 86303<br>*Attorneys for East Pioneer, LLC* | William W. Fife, III * AZ@brinkmanlaw.com<br>Daniel M. Greenberg<br>BRINKMAN PORTILLO RONK, APC<br>18444 N. 25th Avenue<br>Phoenix, AZ 85016<br>*Attorneys for Official Joint Committee of*<br>*Unsecured Creditors of Gilbert Hospital, LLC* |
| Daren R. Brinkman * AZ@brinkmanlaw.com<br>Laura J. Portillo<br>Kevin C. Ronk<br>BRINKMAN PORTILLO RONK, APC<br>4333 Park Terrace Drive, Ste. 205<br>Westlake Village, CA 91361<br>*Attorneys for Official Joint Committee of*<br>*Unsecured Creditors of Gilbert Hospital, LLC* | Teddy M. Kapur * tkapur@pszjlaw.com<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>*Attorneys for Terner Capital Group, LLC* |

6

49053412.1

| | | |
|---|---|---|
| 1 | Michael W. Carmel * michael@mcarmellaw.com | Dean M. Dinner *ddinner@ngdlaw.com |
| | MICHAEL W. CARMEL LTD. | NUSSBAUM GILLIS & DINNER, P.C. |
| 2 | 80 East Columbus Avenue | 14850 N. Scottsdale Road, Suite 450 |
| | Phoenix, AZ 85012-4965 | Scottsdale, AZ 85254 |
| 3 | *Attorneys for Creditor Gilbert Hospital* | *Attorneys for Equity Security Holders' Committee* |

Daniel E. Garrison * dan@andantelaw.com
Jessica R. Kenney * jessica@andantelaw.com
ANDANTE LAW GROUP OF DANIEL E. GARRISON
Scottsdale Financial Center I
4110 North Scottsdale Road, Suite 330
Scottsdale, AZ 85251
*Attorneys for Gilbert Hospital, LLC*

Andrew A. Harnisch * andy@mhlawaz.com
MINKIN & HARNISCH PLLC
6515 N. 12th Street, Suite B
Phoenix, AZ 85014
*Attorneys for Apheresis Care Group, Inc. d/b/a Phoenix Metro Inpatient Services*

Carolyn J. Johnsen *
cjjohnsen@dickinsonwright.com
DICKINSON WRIGHT PLLC
1850 N. Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
*Attorneys for the Official Committee of Unsecured Creditors*

Tamalyn E. Lewis*
tel@eblawyers.com
Engelman Berger, PC
3636 North Central Ave., Suite 700
Phoenix, AZ 85012
*Attorneys for Blue Wolf Capital Fund III, L.P.*

Lenard M. Parkins*
Lenard.Parkins@haynesboone.com
Steven A. Buxbaum*
Steven.Buxbaum@haynesboone.com
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, TX 77010-207
*Attorneys for Blue Wolf Capital Fund III, L.P.*

By: ___/s/ **_____

49053412.1

EXHIBIT 2

1   Philip R Rudd (#014026)
    Wesley D. Ray (#026351)
2   **POLSINELLI PC**
    CityScape Plaza
3   One E. Washington, Suite 1200
    Phoenix, AZ 85004
4   Telephone: (602) 650-2000
    Facsimile: (602) 264-7033
5   E-Mail: prudd@polsinelli.com
    E-Mail: wray@polsinelli.com
6   *Attorneys for Debtor*

7

**IN THE UNITED STATES BANKRUPTCY COURT**

8

**THE DISTRICT OF ARIZONA**

9

| In re: | Chapter 11 Proceedings |
|---|---|
| FLORENCE HOSPITAL AT ANTHEM, LLC, | Case No. 4-13-bk-03201-BMW |
| Debtor. | **NOTICE OF: (1) EXECUTORY CONTRACTS AND UNEXPIRED LEASES SUBJECT TO ASSUMPTION OR ASSUMPTION AND ASSIGNMENT PURSUANT TO PENDING SALE MOTION; (2) PROPOSED CURE AMOUNTS WITH RESPECT THERETO; (3) SALE HEARING AND DEADLINE FOR OBJECTIONS; AND (4) RELATED MATTERS** |

    **PLEASE TAKE NOTICE** that on **January 7, 2015 at 10:00 a. m. local time,** before the

Honorable Brenda Moody Whinery, United States Bankruptcy Judge, in **Courtroom 446, United**

**States Bankruptcy Court for the District of Arizona, 38 South Scott Avenue, Tucson,**

**Arizona**, the Court will conduct (a) an auction sale of substantially all of the Debtor's assets

("**Auction**") and (b) a hearing (the "**Post-Auction Sale Hearing**") to address the Debtor's request

to sell all or substantially all of its assets and to assume and assign certain of its executory contracts

and unexpired leases pursuant to the *Debtor's Motion For Orders: (1) Approving A Sale Of*

*Debtor's Assets Free And Clear Of Liens, Claims And Interests, (2) Approving Assumption And*

*Assignment Of Unexpired Leases And Executory Contracts, (3) Approving Certain Bid And Auction*

*Procedures, (4) Setting Date And Time For Hearing On Proposed Sale, And (5) Approving Form*

49053473.1

1  *And Notice Of Auction And Sale Hearing* (the "**Sale Motion**"[1]) filed by Florence Hospital at

2  Anthem ("**Debtor**") on June 11, 2014 [Dkt. No. 543] ], as modified by that certain *Letter of Intent*

3  dated October 10, 2014 ("**Blue Wolf LOI**") from Blue Wolf Capital Fund, III, L.P. ("**Blue Wolf**"

4  or "**Stalking Horse Bidder**") filed by the Debtor on October 10, 2014 as part of its *Amended*

5  *Notice of Filing: (1) Amended Letter Of Intent From Blue Wolf Capital Fund III, L.P.; (2)*

6  *Proposed Form Asset Purchase Agreement Regarding The Sale Of The Debtor's Assets; and (3)*

7  *Proposed Order Establishing Bid Procedures, Setting Date And Time Of Sale Hearing, And Setting*

8  *Related Deadlines* ("**Notice of Blue Wolf LOI**") [Dkt. No. 608].

9  If you have received this Notice, you also should have received a copy of the notice of the

10  Post-Auction Sale Hearing.

11  **PLEASE TAKE FURTHER NOTICE** that among other relief, the Sale Motion requests

12  entry of an Order pursuant to Bankruptcy Code § 365: (1) approving the assumption and

13  assignment of executory contracts and unexpired leases of the Debtor, (2) determining that either

14  (a) there are no defaults under such contracts and leases other than the payment of certain amounts

15  required by Bankruptcy Code section 365(b)(1) (the "**Cure Amounts**") proposed by the Debtor, if

16  any, or (b) any such defaults have been adequately addressed in an agreement between the Debtor

17  (and/or the Buyer) and the counter-party to any executory contract or unexpired lease proposed to

18  be assumed and assigned by the Debtor pursuant to the Sale, and (3) determining, at the Post-

19  Auction Sale Hearing, that the Buyer has demonstrated adequate assurance of future performance

20  under such contracts and leases.

21  **PLEASE TAKE FURTHER NOTICE** that attached as **Exhibit A** hereto is a schedule

22  listing executory contracts and unexpired leases of the Debtor that may potentially be assumed or

23  assumed and assigned pursuant to the Sale Motion (the "**Schedule of Contracts and Leases**").

24  PARTIES RECEIVING THIS NOTICE SHOULD CAREFULLY REVIEW WHETHER THEIR

25  NAMES AND CONTRACTS OR LEASES ARE LISTED ON THE ATTACHED SCHEDULE

26

27  [1] Unless otherwise indicated, capitalized terms used herein shall have the meaning given to them in the Sale Motion.

28  49053473.1

2

OF CONTRACTS AND LEASES THAT MAY BE ASSUMED AND ASSIGNED PURSUANT TO THE SALE MOTION.

**PLEASE TAKE FURTHER NOTICE** that the Schedule of Contracts and Leases: (i) lists the name of each non-debtor party to the Contracts and Leases, and (ii) specifies the Cure Amount, if any, that the Debtors proposes to pay to cure any and all defaults under each of the Contracts and Leases in the event it is assumed and assigned pursuant to the Motion.

**PLEASE TAKE FURTHER NOTICE** that, unless the Debtor and any non-Debtor party to an executory contract or unexpired lease to be assumed and assigned pursuant to the Sale have reached an agreement with respect to such assumption and assignment, the Debtor will request at the Post-Auction Sale Hearing a determination, under Bankruptcy Code § 365, that payment of the Cure Amount, if any, listed for each of the Contracts and Leases on the attached **Exhibit A** will cure any and all defaults thereunder as a prerequisite to the assumption and assignment of those Contracts and Leases that the Buyer has designated for assumption or assumption and assignment. The Debtor believes that there are no defaults under the Contracts and Leases listed on **Exhibit A**, and that there are no amounts that need to be paid in order to cure the Contracts and Leases listed thereon, other than payment of the amounts listed on **Exhibit A**, if any. If any party is aware of any defaults or other unpaid obligations under any of the Contracts and Leases, or any facts or circumstances indicating that the Court should not grant the relief specified in the first sentence of this paragraph, then such party must file a written response and evidence substantiating such facts or circumstances, as directed in the following paragraph, or forever be barred from asserting any such claim or challenging any such finding. The Debtors intend to rely on the absence of any such response and proceed with the contemplated transactions in reliance thereon.

**PLEASE TAKE FURTHER NOTICE** that OBJECTIONS, IF ANY, TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF ANY OF THE TRANSFERRED CONTRACTS, MUST BE FILED WITH THE COURT AND SERVED ON THE DEBTOR'S COUNSEL ON OR BEFORE _____. IF ANY OBJECTIONS ARE

3

49053473.1

RECEIVED AND NOT RESOLVED BY THE POST-AUCTION SALE HEARING, SUCH OBJECTIONS WILL BE HEARD AT THE POST-AUCTION SALE HEARING.

**PLEASE TAKE FURTHER NOTICE** that, unless the Debtor and any non-Debtor party to an executory contract or unexpired lease to be assumed and assigned pursuant to the Sale have reached an agreement with respect to such assumption and assignment, to the extent that any person or entity does not timely object as set forth above, such person or entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Contracts identified on the Contract Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Contract or Lease, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Buyer has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults have been cured as a result or precondition of the assignment, such that the Buyer and the Debtor shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, (f) deemed to agree that from and after the date of the assignment the applicable contract or lease shall remain in full force and effect for the benefit of the Buyer and such entity in accordance with its terms, (g) deemed to have relieved the Debtors and their estate from any liability for breach of such contract or lease occurring after such assignment; (h) deemed to have waived any right to terminate the applicable contract or lease or designate any early termination date under the applicable contract or lease as a result of any default that occurred and/or was continuing prior to the assignment date, and (i) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable contract or lease.

**PLEASE TAKE FURTHER NOTICE** that, within three (3) business days of entry of the Sale Order, the Debtor will file with the Court, and serve on all parties on the Debtor's master mailing list, a notice stating which contracts and leases will be assumed and assigned (the "**Transferred Contracts List**"), together with a copy of the Sale Order.

4

49053473.1

**PLEASE TAKE FURTHER NOTICE** that the purchase price for the assets of the Debtor will be determined through a competitive auction process, and that there is an opportunity to present competing bids for the assets of the Debtor. Attached hereto as Exhibit "1" is the Court's *Order Establishing Bid Procedures, Setting Date And Time Of Sale Hearing, And Setting Related Deadlines* (the "**Procedures Order**"), which includes and describes the "Bid Procedures" approved by the Court, dates, deadlines, and procedures for due diligence, the submission of competing bids, the conduct of an auction and related matters. As set forth in the Procedures Order, **December 10, 2014** is the deadline for the submission of bids, and the Auction is scheduled for **January 7, 2015 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that by Order of the Court, the deadline to file and complete service on the Debtors of any opposition to the Motion is **December 5, 2014.** The opposition must set forth all relevant facts and any relevant legal authority.

**PLEASE TAKE FURTHER NOTICE** that, by Order of the Court, the deadline to file and serve any response in support of the Sale Motion is **December 31, 2014.**

**PLEASE TAKE FURTHER NOTICE** that, by Order of the Court, the deadline to file and serve any replies in support of the objections to the Sale Motion is **January 5, 2015.**

**PLEASE TAKE FURTHER NOTICE** that if a party to an assigned contract or lease files a timely objection to the assumption and assignment and/or to the Cure Amount set forth in the Contract Notice, and the parties are unable to consensually resolve the dispute prior to the Post-Auction Sale Hearing, such objection will be determined at the Post-Auction Sale Hearing or such other date and time as may be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Notice of Blue Wolf LOI and related pleadings may be obtained by accessing PACER through the United States Bankruptcy Court website for the District of Arizona at https://ecf.azb.uscourts.gov/ or by contacting the Debtor's `bankruptcy counsel, Polsinelli, PC, Attn: Mary Engel, Paralegal, by telephone at (602) 650-2081 or by email at mengel@polsinelli.com.

DATED: October 17, 2014.

POLSINELLI PC

By: _____
    Philip R. Rudd
    Wesley D. Ray
    One E. Washington Street, Suite 1200
    Phoenix, AZ 85004
    *Attorneys for Debtor*

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on October 17, 2014, to:

Edward K. Bernatavicius *
edward.k.bernatavicius@usdoj.gov
U.S. TRUSTEE'S OFFICE
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

Bradley D. Gardner * bdg@udallshumway.com
UDALL, SHUMWAY & LYSONS PLC
30 West First Street
Mesa, AZ 85201
*Attorneys for Udall Shumway, PLC*

Bryce A. Suzuki * bryce.suzuki@bryancave.com
Kyle S. Hirsch * Kyle.hirsch@bryancave.com
BRYAN CAVE LLP
2 North Central Avenue, Suite 2200
Phoenix, AZ 85004
*Local Attorneys for The Stillwater National Bank and Trust Company*

Robert T. Luttrell, III *
bob.luttrell@mcafeetaft.com
Louis Price * louis.price@mcafeetaft.com
MCAFEE & TAFT
211 N. Robinson, Tenth Floor
Oklahoma City, OK 73102-7103
*Attorneys for The Stillwater National Bank and Trust Company*

Robert P. Harris * robert.harris@quarles.com
Lori L. Winkelman
*lori.winkelman@quarles.com
QUARLES & BRADY LLP
2 North Central Avenue
Phoenix, AZ 85004-2391
*Attorneys for MPT of Florence, LLC*

Rick N. Bryson *
rick.bryson@sandersparks.com
G. Gregory Eagleburger *
Greg.Eagleburger@sandersparks.com
SANDERS & PARKS PC
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
*Attorneys for Schmidt Westergard & Company*

Hilary L. Barnes * hbarnes@cavanaghlaw.com
THE CAVANAGH LAW FIRM
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004
*Attorneys for Jerry Seelig, Health Care Ombudsman*

Leigee Gu * lgu@halperinlaw.net
HALPERIN BATTAGLIA RAICHT LLP
40 Wall Street, 37th Floor
New York, NY 10005
*Attorneys for Phoenix metro Inpatient Services, an affiliate of Fresenius Medical Care Holdings, Inc. d/b/a/ Fresenius Medical Care North America*

49053473.1

6

Patrick B. Howell * phowell@whdlaw.com
WHYTE HIRSCHBOECK DUDEK SC
555 East Wells Street
Suite 1900
Milwaukee, WI 53202
*Attorneys for GE Healthcare*

Pernell W. McGuire *
pmcguire@davismiles.com
DAVIS MILES MCGUIRE GARDNER, PLLC
320 N. Lerous Street, Suite A
Flagstaff, AZ 86001
*Attorneys for James Price, Mary Voorhaar,
Phyllis Weinsten and William Voorhaar, Dan
Quan, Billy Joe Anderson, Tiffany Anderson,
Zenji Reynolds, Jonathan Maitem, Janne
Maitem, Brian Hess*

Chad Philip Miesen *
chad@carpenterhazlewood.com
CARPENTER HAZLEWOOD DELGADO & BOLEN
1400 East Southern Avenue, Suite 400
Tempe, AZ 85282
*Attorneys for Anthem at Merrill Ranch
Community Council, Inc.*

Donald W. Powell * d.powell@cplawfirm.com
CARMICHAEL & POWELL, P.C.
7301 North 16th Street
Suite 103
Phoenix, AZ 85020
*Attorneys for Khouseheh Kian and Kianoush
Kian, Dan Quan*

Clint W. Smith * cws@cwspclaw.com
CLINT W. SMITH PC
1423 South Higley Road
Suite 120
Mesa, AZ 85206
*Attorneys for Karen Ross-Glaser*

Mark D. Chernoff * mchernoff@azfirm.net
CHERNOFF LAW FIRM, PC
14300 N. Northsight Boulvevard, Suite 205
Scottsdale, AZ 85260
*Attorneys for David Wanger*

Brian J. Pollock * bpollock@lrlaw.com
LEWIS AND ROCA
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004-4429
*Attorneys for Gilbert Hospital*

Thomas O. Kolb Jr. *
tkolb@bakerdonelson.com
BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ
420 20th Street North, #1400
Birmingham, AL 35203-3221
*Attorneys for MPT*

Debra J. Cohen * dcohen@halperinlaw.net
Ligee Gu * lgu@halperinlaw.net
HALPERIN BATTAGLIA RAICHT LLP
40 Wall Street, 37th Floor
New York, NY 10005
*Attorneys for Fresenius Medical Care Holdings,
Inc dba Fresenius Medical Care North America*

Stacia A. Danielsen * sdanielson@sw-cpa.com
SCHMIDT WESTERGARD & COMPANY
77 West University Drive
Mesa, AZ 85201
*Schmidt Westergard & Company, PLLC*

Margaret A. Gillespie *
mgillespie@maypotenza.com
MAY, POTENZA, BARAN AND GILLESPIE, P.C.
201 North Central Ave., 22nd Floor
Phoenix, AZ 85004-0608
*Local Counsel for GE Healthcare*

Robert M. Moss *
rmoss@medicalpropertiestrust.com
MEDICAL PROPERTIES TRUST, INC.
1000 Urban Center Drive, Suite 501
Birmingham, AL 35242-2225
*Attorneys for Medical Properties Trust, Inc.*

49053473.1

Gary V. Ringler * garyvringler@earthlink.net
GARY V. RINGLER, PLLC
7303 W. Boston St.
Chandler, AZ 85226
*Attorneys for Dr. Paul Budnick, Debra Budnick and Paul Budnick MDPC Profit Sharing Plan*

Nancy J. March * nmarch@fclaw.com
FENNEMORE CRAIG, P.C.
One South Church Ave., Suite 1000
Tucson, AZ 85701-1627
*Attorneys for Blue Cross Blue Shield of Arizona*

Debra J. Cohen * dcohen@halperinlaw.net
HALPERIN BATTAGLIA RAICHT, LLP
40 Wall Street, 37th Floor
New York, NY 10005
*Attorneys for Apheresis Care Group, Inc. d/b/a Phoenix Metro Inpatient Services*

Jonathan Saffer * jmsaffer@swlaw.com
Jill H. Perrella * jperrella@swlaw.com
SNELL & WILMER, L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701
*Attorneys for Thomas Budnick*

Benjamin W. Reeves * breves@swlaw.com
SNELL & WILMER, L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004
*Attorneys for Pulte Homes Corporation*

Bradley D. Weech *
centraldocket@jacksonwhitelaw.com
JACKSON WHITE
40 North Center Street
Suite 200
Mesa, AZ 85201
*Attorneys for Gilbert Hospital, L.L.C.*

Andre E. Carman * acarman@lawwmc.com
WARNOCK, MACKINLAY & CARMAN, PLLC
246 South Cortez Street
Prescott, AZ 86303
*Attorneys for East Pioneer, LLC*

William W. Fife, III * AZ@brinkmanlaw.com
Daniel M. Greenberg
BRINKMAN PORTILLO RONK, APC
18444 N. 25th Avenue
Phoenix, AZ 85016
*Attorneys for Official Joint Committee of Unsecured Creditors of Gilbert Hospital, LLC*

Daren R. Brinkman * AZ@brinkmanlaw.com
Laura J. Portillo
Kevin C. Ronk
BRINKMAN PORTILLO RONK, APC
4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361
*Attorneys for Official Joint Committee of Unsecured Creditors of Gilbert Hospital, LLC*

Teddy M. Kapur * tkapur@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
*Attorneys for Terner Capital Group, LLC*

Michael W. Carmel * michael@mcarmellaw.com
MICHAEL W. CARMEL LTD.
80 East Columbus Avenue
Phoenix, AZ 85012-4965
*Attorneys for Creditor Gilbert Hospital*

Dean M. Dinner *ddinner@ngdlaw.com
NUSSBAUM GILLIS & DINNER, P.C.
14850 N. Scottsdale Road, Suite 450
Scottsdale, AZ 85254
*Attorneys for Equity Security Holders' Committee*

Daniel E. Garrison * dan@andantelaw.com
Jessica R. Kenney * jessica@andantelaw.com
ANDANTE LAW GROUP OF DANIEL E. GARRISON
Scottsdale Financial Center I
4110 North Scottsdale Road, Suite 330
Scottsdale, AZ 85251
*Attorneys for Gilbert Hospital, LLC*

Andrew A. Harnisch * andy@mhlawaz.com
MINKIN & HARNISCH PLLC
6515 N. 12th Street, Suite B
Phoenix, AZ 85014
*Attorneys for Apheresis Care Group, Inc. d/b/a Phoenix Metro Inpatient Services*

49053473.1

1 Carolyn J. Johnsen *
cjjohnsen@dickinsonwright.com
2 DICKINSON WRIGHT PLLC
1850 N. Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
3 *Attorneys for the Official Committee of
Unsecured Creditors*

4

5 Lenard M. Parkins*
Lenard.Parkins@haynesboone.com
6 Steven A. Buxbaum*
Steven.Buxbaum@haynesboone.com
7 Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
8 Houston, TX 77010-207
*Attorneys for Blue Wolf Capital Fund III, L.P.*

Tamalyn E. Lewis*
tel@eblawyers.com
Engelman Berger, PC
3636 North Central Ave., Suite 700
Phoenix, AZ 85012
*Attorneys for Blue Wolf Capital Fund III, L.P.*

9

10

By:    /s/ **    _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

49053473.1